*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FENTON/KREBS/ROBINSON, Minors.

UNPUBLISHED
April 23, 2026
1:30 PM

No.   376833
Lenawee Circuit Court
Family Division
LC No.   20-000557-NA

Before:  CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to SF, KK, and RR under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions exist causing the children to come within the court's jurisdiction), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if child is returned to parent).  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Respondent's children were removed from her care on the basis of allegations of criminality, substance abuse, domestic violence, and medical neglect.  Petitioner, the Michigan Department of Health and Human Services (DHHS), received a complaint about possible abuse in the home where respondent lived with her mother, Cindy, KK, and RR.  RR had various injuries for which respondent could not provide adequate explanation.  The petition further alleged that there was an issue concerning medical neglect because respondent did not have her children tested for Hemophilia B despite a family history and RR's extensive bruising.

After respondent pleaded no contest to the allegations in the petition, the trial court assumed jurisdiction over the children and placed them with their respective paternal grandparents. Throughout the proceedings, caseworkers testified about respondent's failure to comply with her case service plan.  Of note, respondent (1) was inconsistent in attending visits, (2) was unable to properly parent the children during visits and said improper things in front of them, (3) was arrested for driving under the influence of alcohol and retail fraud, (4) often failed to attend RR's frequent medical appointments, (5) only attended 25 of 150 scheduled drug screens, and (6) of those 25

-1-

screens, 21 of them were positive for methamphetamine. Respondent consistently denied any substance use throughout the proceedings. In support of her claim, she presented negative drug screens she alleged she underwent independently, but there was evidence and testimony presented that respondent was tampering with these screens by diluting her urine and submitting fraudulent negative test forms.

After more than 800 days had passed since respondent had been adjudicated, the trial court terminated respondent's parental rights under the statutory grounds noted above, finding that it was in the children's best interests to do so. Respondent now appeals.

## II. STANDARDS OF REVIEW

We review the trial court's factual findings and ultimate determination on statutory grounds for termination for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court's findings pertaining to the children's best interests are also reviewed for clear error. "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

## III. STATUTORY GROUNDS

Respondent first argues the trial court clearly erred when it found statutory grounds to terminate her parental rights. We disagree.

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *Id*.

One of the grounds the trial court found for termination was MCL 712A.19b(3)(c)(*i*), which permits a trial court to terminate a parent's rights if the court finds, by clear and convincing evidence, that "[t]he parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order," and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." The conditions that led to respondent's adjudication included her issues with criminality, substance abuse, domestic violence, physical abuse, and neglect. It is undisputed that more than 182 days had passed since the initial dispositional order was entered, and the trial court found there was ample evidence that this ground was satisfied given respondent's failure to comply with her case service plan, failure to attend and participate in the medical treatment for her children, improper behavior at visits, and repeated positive drug screens. The trial court found that respondent had provided forged drug screens on the basis of the evidence and testimony provided, a credibility determination we will not disturb on appeal. See *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009).

Respondent argues that she had rectified barriers relating to domestic violence, housing, finances, and educating herself on RR's medical condition. She focuses on testimony from herself

and Cindy indicating that the above issues were not present. She further claims that "it cannot be said that [she] failed to rectif[y] that barrier [substance abuse] by clear and convincing evidence[]" because she repeatedly testified that she was not using methamphetamine and had inconsistent drug tests. But these claims are entirely premised on the trial court's credibility findings in deciding whose testimony and evidence to believe, which, as already noted, this Court will not disturb on appeal. *Id*. The record reflects that there was sufficient evidence to support the trial court's finding that termination was proper under MCL 712A.19b(3)(c)(*i*).[1]

## IV. BEST INTERESTS

Respondent next argues that the trial court erred by finding that termination was in the best interests of the children. We disagree.

Once a trial court finds that DHHS established at least one statutory ground for termination by clear and convincing evidence, it must determine, by a preponderance of the evidence, whether termination is in the best interests of the minor children. *White*, 303 Mich App at 713. The focus is on the child's best interests, not the parent's. *In re Mota*, 334 Mich App 300, 321; 964 NW2d 881 (2020). Trial courts should weigh a variety of factors, including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *White*, 303 Mich App at 713 (quotation marks and citation omitted). It also considers "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714. Finally, "because a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a), the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted). A trial court may nevertheless terminate parental rights when the children are placed with relatives if it finds that termination is still in their best interests. *Id*.

In addressing the children's best interests, the trial court considered: (1) their need for permanency, stability, and finality, noting that they lacked a stable life before removal; (2) the fact that respondent had made no significant progress in her case service plan; (3) the fact that the children were thriving in their placements who were willing to adopt them; (4) respondent's failure to secure consistent employment; (5) respondent's inappropriate behavior during visits and lack of parenting skills, despite completing classes; (6) respondent's failure to attend RR's frequent medical appointments; (7) the fact that respondent only attended 25 of 150 screens, 21 of which were positive; and (8) the fact that respondent continuously refused to take accountability, going so far as to falsify negative drug screens.

On appeal, respondent focuses primarily on her bond with the children. Even if we were to believe that respondent was close with the children before their removal, the evidence noted by

---

[1] We need not address respondent's arguments with respect to the other statutory grounds found by the trial court, because "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights[.]" *In re Ellis*, 294 Mich App at 32.

the trial court was nonetheless sufficient to support its best-interest findings. Thus, the trial court did not err in finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle